IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KYLE FISHBURNE, on Behalf of Himself and all Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-cv-95 |
| BEN E. KEITH COMPANY, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | COLLECTIVE ACTION |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Kyle Fishburne ("Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint against Ben E. Keith Company ("Defendant"), showing in support as follows:

### I.  NATURE OF THE CASE

1. This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA/PPPA") for Defendant's failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven-day workweek as an employee of Defendant.

2. Plaintiff was employed by Defendant as a warehouse worker in Fort Worth, Texas. Defendant paid Plaintiff on a piece rate basis based on the number of pallets built at the warehouse. Plaintiff routinely worked in excess of 40 hours per seven-day workweek, but Defendant did not pay him time and one-half his regular rate of pay for all hours worked over 40 in each and every workweek. In fact, Defendant paid Plaintiff his piece rate pay only without any overtime premium pay for weeks in which overtime hours were worked.

3. Plaintiff files this lawsuit individually and as a FLSA/PPPA collective action on behalf of all other similarly situated current and/or former warehouse worker employees of Defendant who were paid on a piece rate basis, and like Plaintiff, are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek.

4. Plaintiff and the collective action members seek all damages available under the FLSA/PPPA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.   THE PARTIES, JURISDICTION, AND VENUE

### A.   Plaintiff Kyle Fishburne

5. Plaintiff is a natural person who resides in Tarrant County, Texas. He has standing to file this lawsuit.

6. Plaintiff was an employee of Defendant.

7. Plaintiff was employed by Defendant in Tarrant County, Texas.

8. By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA/PPPA action pursuant to 29 U.S.C. § 216(b).

### B.   Collective Action Members

9. The putative collective action members are all current and/or former warehouse worker employees of Defendant who are/were paid on piece rate basis like Plaintiff and who are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek. Because Defendant did not and does not pay all overtime premium compensation owed to those putative collective action members who routinely work(ed)

in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA/PPPA.

10. The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward, or such other time period as deemed appropriate by the Court.

11. Plaintiff reserves the right to redefine the class, request more than one class, and/or request sub-classes relative to any motion for conditional certification filed in this lawsuit.

C. **Defendant Ben E. Keith Company**

12. Defendant is a domestic for-profit corporation.

13. During all times relevant, Defendant has done business in the State of Texas.

14. Defendant is registered with the Texas Secretary of State to conduct business operations in Texas.

15. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

16. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

17. At all times relevant to this lawsuit, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include personal protection equipment, warehouse cherry pickers, phones, computers, and computer-related devises.

18. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

19.     Defendant's principal place of business is located at 601 East Seventh Street, Fort Worth, Texas 76102.

20.     Defendant may be served with summons through its registered agent, Mr. Craig A. Woodcook, 601 East Seventh Street, Fort Worth, Texas 76102.

**D.      Jurisdiction and Venue**

21.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

22.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

23.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

24.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA/PPPA.

25.     Venue is proper in this Court because Plaintiff worked for Defendant in Tarrant County, Texas. Furthermore, Defendant's principal place of business is in Tarrant County, Texas.

### III.     FACTUAL BACKGROUND

26.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

27.     Plaintiff was employed by Defendant from approximately August 5, 2015 to approximately October 19, 2020.

28.     Plaintiff was employed by Defendant at its warehouse location at 7650 Will Rogers Boulevard, Fort Worth, Texas 76140.

29.     Plaintiff was employed by Defendant as a warehouse worker.

30. In a typical workday, Defendant informed warehouse workers like Plaintiff of goods to be obtained from the warehouse and placed on a pallet, which is known as building a pallet.

31. As a warehouse worker, Plaintiff retrieved goods from the warehouse to be placed on given pallets. Plaintiff helped place the required goods on those pallets/build those pallets.

32. Defendant paid Plaintiff on a piece rate basis that was based on the number of pallets built.

33. Although Plaintiff routinely worked in excess of 40 hours per seven-day workweek, Defendant did not pay him time and one-half his regular rate of pay for each and every hour worked over 40 in each such workweek.

34. When Plaintiff worked overtime hours, Defendant paid him only his piece rate pay with no overtime premium.

35. Defendant employs and employed numerous other warehouse employees who are/were paid on a piece rate basis. Like Plaintiff, those other employees regularly work/worked more than 40 hours in a seven-day workweek. Like Plaintiff, Defendant does not pay/did not pay all FLSA/PPPA overtime wages to those other employees.

### IV.     CONTROLLING LEGAL RULES

36. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

37. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

38. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

39. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

40. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

41. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

V. **FLSA/PPPA CLAIMS**

42. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

43. All conditions precedent to this lawsuit, if any, have been fulfilled.

44. Defendant is and/or was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

45. Defendant is and/or has been an enterprise engaged in commerce under the FLSA/PPPA. 29 U.S.C. § 203(s)(1)(A).

46. Plaintiff and the putative collective action members are and/or were employees of Defendant pursuant to the FLSA/PPPA. 29 U.S.C. § 203(e).

47. Plaintiff and the putative collective action members are and/or were covered employees under 29 U.S.C. § 207(a)(1).

48. Plaintiff and the putative collective action members are and/or were paid on a piece rate basis by Defendant.

49. At material times, Plaintiff and the putative collective action members regularly work and/or worked in excess of 40 hours per seven-day workweek as employees of Defendant.

50. Defendant is and/or was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

51. Defendant does not/did not pay Plaintiff and the putative collective action members all FLSA/PPPA mandated overtime wages. Instead, Defendant pays/paid Plaintiff and the putative collective action members their piece rate pay only without including overtime premium pay for corresponding overtime hours worked.

52. The failure of Defendant to pay Plaintiff and the putative collective action members overtime premium pay for each and every hour worked over 40 in a seven-day workweek is a violation of the FLSA/PPPA.

53. Defendant did not and does not keep an accurate record of the daily and weekly hours worked by Plaintiff and the putative collective action members. 29 C.F.R. § 516.2(a)(7).

54. The putative collective action members are and/or were similarly situated to the Plaintiff and to each other under the FLSA/PPPA. 29 U.S.C. § 216(b).

55. Defendant's violations of the FLSA/PPPA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant is and was aware that Plaintiff and the putative collective action members are not and were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven-day workweek. Furthermore, Defendant failed to make or keep an accurate record of the hours worked per workday and seven-day workweek as required by the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a)(7). Failing to keep an accurate record of the daily and weekly hours worked by Plaintiff and the putative collective action members is evidence of a willful violation of the FLSA/PPPA. *See Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 844 (6th Cir. 2002) ("Although the FLSA does not permit an employee to bring a private action for recordkeeping violations, an employer's recordkeeping practices may nonetheless corroborate an employee's claims that the employer acted willfully in failing to compensate for overtime."); *Pye v. Oil States Energy Servs.*, LLC, 233 F. Supp. 3d 541, 565 (W.D. Tex. 2017) (same); *Lackey v. SDT Waste & Debris Servs., LLC*, No. 11-1087, 2014 U.S. Dist. LEXIS 85722, at *13 (E.D. La. June 23, 2014) (same).

56. Plaintiff and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

### VI. FLSA/PPPA COLLECTIVE ACTION

57. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (Fish, J.) (certifying

*Plaintiff's Original Complaint – Page* 8

nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 290 (N.D. Tex. 2012) (Boyle, J.) (same).

58. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of himself and all current and/or former employees of Defendant who work(ed) as piece rate paid warehouse workers, and like Plaintiff, are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek.

59. Because Defendant did not and does not pay all overtime premium compensation owed to those putative collective action members who routinely work(ed) in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

60. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

61. Plaintiff reserves the right to establish sub-classes and/or modify collective action definition in any collective action certification motion or other filing.

## VII.   JURY DEMAND

62. Plaintiff demands a jury trial.

## VIII.   DAMAGES AND PRAYER

63. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant and/or order(s) from the Court for the following:

   a. An order certifying this case as a FLSA/PPPA collective action and requiring notice to be issued to all putative collective action members;

   b. All damages allowed by the FLSA/PPPA, including back overtime wages;

   c. Liquidated damages in an amount equal to back FLSA/PPPA mandated wages;

      d.      Legal fees;

      e.      Costs;

      f.      Post-judgment interest; and/or

      g.      All other relief to which Plaintiff and the Collective Action Members are entitled.

Date: January 27, 2021.

                                                Respectfully submitted,

                                      By:     <u>s/ Allen R. Vaught</u>
                                                     Allen R. Vaught
                                                     Attorney-In-Charge
                                                     TX Bar No. 24004966
                                                     avaught@txlaborlaw.com
                                                     Nilges Draher Vaught PLLC
                                                     1910 Pacific Ave., Suite 9150
                                                     Dallas, Texas 75201
                                                     (214) 251-4157 – Telephone
                                                     (214) 261-5159 – Facsimile

                                                     ATTORNEYS FOR PLAINTIFF